NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAWN FRANCIS RATIGAN,

Petitioner-Appellant,

v.

CATRICIA HOWARD, Warden,

Respondent-Appellee.

No. 22-15226

D.C. No. 4:21-cv-00363-SHR-DTF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted February 14, 2023[**]

Before:   FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Federal prisoner Shawn Francis Ratigan appeals pro se from the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see* *Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ratigan contends that the time he spent in state custody serving his state sentence should be credited toward his federal sentence. We disagree. Because the federal sentencing court was silent as to whether Ratigan's federal sentence was consecutive or concurrent to his anticipated state sentence, 18 U.S.C. § 3584(a) creates a presumption that the sentences are to run consecutively, and Ratigan has not presented any evidence rebutting this presumption.

Ratigan also contends that under 18 U.S.C. § 3585(b) he is entitled to custody credit because the state relinquished jurisdiction over him when he was transferred to federal authorities for his federal criminal proceedings. This argument is unavailing because the record shows that the federal district court issued a writ of habeas corpus ad prosequendum to secure his presence for the federal proceedings. The state of Missouri therefore retained primary jurisdiction over Ratigan from the time of his arrest until he was received in federal custody to begin serving his federal sentence. *See Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). Moreover, Ratigan has not shown that the time he spent in temporary federal custody pursuant to the writ of habeas corpus ad prosequendum was not credited towards his state sentence. *See also* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (a defendant cannot "receive a double credit for his detention time").

**AFFIRMED.**

22-15226